UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ROBERT J. PEDREIRA, SR., | * |
| | * |
| Plaintiff, | * |
| | * |
| v. | * Civil Action No. 19-cv-11061-IT |
| | * |
| UNITED STATES FEDERAL BUREAU OF PRISONS, et al., | * |
| | * |
| | * |
| Defendants. | * |

ORDER

March 17, 2020

TALWANI, D.J.

*Pro* se Plaintiff Robert J. Pedreira Sr., a former federal prisoner, has filed a Complaint [#1] against the United States concerning conditions of confinement while he was incarcerated at FMC Devens.[1] Plaintiff represents that he has exhausted his administrative remedies with respect to a claim under the Federal Tort Claims Act ("FTCA"), but he characterizes his claims not as violations of the FTCA but as claims for violations of his rights under the Eighth and Fourteenth amendments to the United States Constitution.

Now before the Court is Defendant's Motion to Dismiss [#11] pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure. In Defendant's Memorandum in Support of Motion to Dismiss [#12], Defendant argues that the United States enjoys sovereign immunity with regard to claims for constitutional violations and that the Complaint does not meet the requirement of Rule 8 of the Federal Rules of Civil Procedure that a pleading contain a "short

---

[1] This action is a companion action to Pedreira v. Federal Bureau of Prisons, C.A. No. 18-cv-12535-IT, in which Pedreira brought claims against individual Defendants. The court has dismissed that action for failure to prosecute.

and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). In Plaintiff's Response to Motion to Dismiss [#17], he argues that courts have awarded damages in cases where the policy of a federal agency has caused the violation of an individual's constitutional rights and that his complaint adequately alleges the same.

The court grants Defendant's motion insofar as Plaintiff is seeking damages from the United States for violations of constitutional rights. The United States (including its various branches, departments, agencies, and individuals acting in their official capacity) enjoys immunity from suit except in those instances in which it has expressly consented to be sued. See FDIC v. Meyer, 510 U.S. 471, 475 (1994). The United States has not expressly waived its sovereign immunity for damages claims for constitutional violations. Under the doctrine enunciated in Bivens v. Six Unknown Named Agents, 403 U.S. 388 (1971), a plaintiff may seek monetary damages from federal officials in their individual capacities for violations of certain constitutional rights, "[b]ut the availability of that doctrine does not override bedrock principles of sovereign immunity so as to permit suits against the United States, its agencies, or federal officers sued in their official capacities." McCloskey v. Mueller, 446 F.3d 262, 271-72 (1st Cir. 2006). Accordingly, Plaintiff cannot bring damages claims against the United States for constitutional violations.

However, Plaintiff may bring claims against the United States under the FTCA. Subject to some exceptions, the FTCA waives the sovereign immunity of the United States for:

> injury of loss of property, or personal injury or death caused by the negligent or wrongful act or omission of any employee of the [federal] Government while acting with this scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred.

28 U.S.C. § 1346(b)(1). If Plaintiff is seeking to pursue claims against the United States under the FTCA, he must present a theory of liability other than deliberate indifference to a serious medical need (e.g., negligence, medical malpractice) in an Amended Complaint.

For the foregoing reasons:

(1) Defendant's Motion to Dismiss [#11] is GRANTED insofar as Plaintiff is bringing claims for constitutional violations and DENIED WITHOUT PREJUDICE to give Plaintiff on opportunity to file an amended complaint.

(2) If Plaintiff seeks to pursue this action, he must, within 45 days, file an amended complaint against the United States in which he sets forth a theory of liability actionable under the FTCA. Failure to do so may result in dismissal of this action.

(3) The court reminds Plaintiff on his ongoing duty to provide the court with a current mailing address for service. See L.R. 83.5.5(h) (D. Mass.) ("It is the responsibility of the *pro se* party to notify the clerk and the parties of any change [of address, telephone number, or e-mail address]. Any notice sent by the clerk or any party to a *pro se* party shall be deemed delivered and properly served if sent to the most recent address or e-mail address provided by the *pro se* party.").

(4) The Clerk shall send a copy of this Order to Plaintiff by certified mail at 195 Union St. Apt. 16, Lynn, MA 01901.

IT IS SO ORDERED.

                                                   /s/ Indira Talwani
                                                   United States District Judge

March 17, 2020